IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

WILMA KING, et al.,

          Plaintiffs,

v.                                    CIVIL ACTION NO. 2:09-cv-0001

R. VANCE GOLDEN III,
and JOHN DOE,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the plaintiffs' Motion to Remand [Docket 33]. The defendants have not responded to the motion, and the time for doing so has expired. Thus, the motion is ripe for review. For the reasons stated below, the plaintiffs' motion is **GRANTED** and this case is **REMANDED** to the Circuit Court of Clay County, West Virginia.

**I.    Background**

This matter presents a convoluted procedural history. On December 16, 2002, the plaintiffs filed a putative statewide class action seeking injunctive relief, actual damages, and civil penalties in the Circuit Court of Clay County, West Virginia. Specifically, the plaintiffs allege that HomeSide Lending, Inc. ("HomeSide"), and its trustee and collection officer, Vance Golden, violated West Virginia law by improperly assessing or threatening to assess various fees and costs to borrowers' loans in connection with loan defaults and foreclosures, that they breached their fiduciary duty in servicing the loans, and that the loans themselves were unconscionable contracts.

Washington Mutual Bank ("WMB") became a successor-in-interest to HomeSide on November 16, 2002. On August 29, 2003, the plaintiffs designated WMB as a defendant. After the plaintiff's unsuccessful attempt to certify a class, the defendant removed the case to federal court, but it was remanded on April 2, 2007. On September 25, 2008, the Office of Thrift Supervision ("OTS") appointed the FDIC as receiver for WMB. (*See* OTS Order No. 2008-36 (Sept. 25, 2008) (Def.'s Notice of Removal Ex. B)). On December 19, 2008, the state court granted FDIC-Receiver's Motion for Substitution of Party, and named the entity as the real party in interest in this case. (*See* Def.'s Notice of Removal Ex. C.) FDIC-Receiver then filed a Notice of Removal with this court on January 5, 2009 [Docket 1], pursuant to 28 U.S.C. § 1441(b) and 12 U.S.C. § 1819(b)(2)(A), which provides that any civil suit in which the FDIC is a party is "deemed to arise under the laws of the United States." *See also Castleberry v. Goldome Credit Corp.*, 408 F.3d 773, 781 (11th Cir. 2005). The Notice of Removal was not challenged, and the case proceeded in federal court.

After a series of stays, the plaintiffs filed a motion to dismiss FDIC on August 12, 2009 [Docket 24] and a simultaneous motion to add JP Morgan Chase ("Chase") to the case caption or as a defendant, and to add John Doe Holder as a party defendant [Docket 25]. The plaintiffs argued that "[n]o relief is or will be sought against the FDIC. It appears that JP Morgan Chase Bank is seeking (under the guise of the FDIC) to obtain relief that it is not entitled to obtain by proceeding in the name of a federal agency against whom no relief is sought." (Pl's Mot. Dismiss FDIC ¶ 1.) I granted the motion to dismiss the FDIC and denied the plaintiffs' request to add Chase and John Doe Holder as party defendants on September 11, 2009 [Docket 32]. Now, the plaintiffs seek to remand the case to state court because the FDIC is no longer a party. The only defendants remaining

are the HomeSide trustee, Vance Golden, and the holder of the loan, the identity of which the plaintiffs have yet to ascertain.

**II.     Discussion**

If it appears to a district court, at any time before final judgment, that it lacks subject matter jurisdiction, "the case shall be remanded." 28 U.S.C. § 1447(c). Former defendant FDIC removed this action pursuant to a specific statute that authorizes it to do so under 28 U.S.C. § 1441(b). *See* 12 U.S.C. § 1819(b)(2)(B) ("[T]he [FDIC] may, without bond or security, remove any action, suit, or proceeding from a State court to the appropriate United States district court . . . ."). This jurisdictional ground is abolished, however, because this court has dismissed FDIC as a party to this action. (*See* Order, Sept. 11, 2009 [Docket 32].) It does not appear that federal subject matter jurisdiction is proper against the remaining defendants, as the Complaint alleges only state law violations, and the Complaint does not, on its face, show complete diversity of parties.

**III.    Conclusion**

For these reasons, the plaintiffs' Motion to Remand [Docket 33] is **GRANTED**. Accordingly, the court **REMANDS** this case to the Circuit Court of Clay County, West Virginia.

The court **DIRECTS** the Clerk to send a copy of this written opinion and order to counsel of record and any unrepresented party.

                                ENTER:        November 6, 2009

                                Joseph R. Goodwin, Chief Judge